No. 2832

## Second Circuit

## WHELESS AUTO SUPPLY CO., INC., v. STEINAU

(April 10, 1930. Opinion and Decree.)

Craig, Bolin & Magee, of Shreveport, attorneys for plaintiff, appellee.

R. D. Fuller, of Shreveport, attorney for defendant, appellant.

DREW, J. This suit grew out of case No. 2802, 127 So. 451, between the same parties, wherein plaintiff recovered judgment against defendant and was attempting to execute same.

Judgment in case No. 2802 of this court, decided this day, was rendered and signed in the district court on July 2, 1925, from which judgment defendant asked for and was granted appeals, both suspensive and devolutive, to this court. Appeal bonds were not filed until July 28, 1925, which was too late to sustain a suspensive appeal.

, Plaintiff, discovering that a suspensive appeal bond had not been filed within ten days, proceeded to execute his judgment, by having issued a fieri facias and seizing certain property of defendant.

Defendant attempts to enjoin the execution of the judgment, alleging that he has perfected an appeal from the judgment, both suspensive and devolutive, and has issued a rule on plaintiff to show cause why a preliminary injunction should not issue in the case enjoining him from executing the judgment until the case is finally decided on appeal.

Plaintiff filed an exception of no cause of action, which was sustained by the court. The case is before us on devolutive appeal from the judgment sustaining the exception of no cause of action.

The record discloses that defendant only perfected a devolutive appeal from the judgment in case No. 2802, and a devolutive appeal does not suspend execution of a judgment.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be affirmed, with costs.

Defendant Steinau alleged that the property seized was of a value far in excess of the amount of the judgment plaintiff was attempting to execute, but does not ask for any relief from the excessive seizure.