No. 2802

### Second Circuit

---

## WHELESS AUTO SUPPLY CO., INC.
## v. STEINAU

---

(April 10, 1930.   Opinion and Decree.)

---

Craig, Bolin & Magee, of Shreveport, attorneys for plaintiff, appellee.

Wilson & Fuller, of Shreveport, attorneys for defendant, appellant.

DREW, J.   Plaintiff sues for the amount of $362.65, being the amount alleged to be due for work, repairs and material furnished upon two automobiles of defendant, after giving credit for $200 paid on original bill.

Defendant admits that the material and work was furnished and done, but claims that he has paid sufficient to cover the value of the work and material furnished.

The lower court rendered judgment for plaintiff in the amount sued for, and from that judgment defendant has appealed.

The case involved a question of fact only, and counsel for defendant and appellant has not argued the case.   He filed a short brief in the case several days after the case was submitted to this court, in which he cites the case of Wheless Auto Supply Co., Inc., vs. Herold, 8 La. App. 516.   This case is not in point.   In the Herold case it was shown that he placed his car with plaintiff to do certain specific repairs at an agreed price, and that he did not authorize any other work, and the court held that Herold was bound only for that which he had authorized.

In this case no like contention is made, and the record shows that defendant placed his car with plaintiff to be repaired as to whatever parts were needed.   There is no denial that the parts claimed to have been furnished by plaintiff were furnished; neither is there any claim that the work alleged to have been done was not performed.   It is admitted that no price was agreed upon, and that the bill was to be presented when the job was completed.

The defendant testifies that the car did not give satisfactory service after being repaired, but does not point out any specific thing that was wrong with it.   His testimony is vague, indefinite and uncertain.   His principal defense is that the bill for the work and material was more than he had intended to pay, although he had not limited the plaintiff to any certain amount of repairs.

The lower court found the defense not well founded, and that the plaintiff had

made out its case with a preponderance of testimony.

We see no good reason for disturbing the judgment of the lower court.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be affirmed, with costs.