LOTTINGER, Judge.
This is a suit on an account by John Capone, doing business as Capone Pontiac Co., against Junius Skidmore for repairs to an automobile belonging to Skidmore. From judgment below in favor of petitioner, the defendant appeals.
The facts show that petitioner owns and operates an automobile repair garage known as Capone Pontiac Company in the City of Donaldsonville, Louisiana. Some time during the late part of 1948, or early 1949, defendant informed petitioner that he desired to have his automobile repaired. Petitioner had the car taken to his garage and commenced repairing same. Petitioner contends that defendant told him to fix the car “from bumper to bumper” but to do nothing to the body as defendant intended to put a new body on the car. Defendant, on the other hand, contends that, before the repairs were commenced, petitioner informed him that the costs thereof would be about $250. Some three months were required to complete the repairs because of the scarcity of parts. Upon completion, a bill in the sum of $546.30, the amount of this demand, was submitted to defendant, who has failed to pay same. Petitioner retained the automobile in his possession, under his mechanic’s lien, and the automobile was still in his possession at the time of trial below.
Defendant filed a reconventional demand wherein he seeks damages in the sum of *638 $300 for the loss of use of the car during the time it has been in the possession of petitioner. After trial below, the lower court gave judgment in favor of petitioner in the sum of $546.30, and defendant brings this appeal.
 Defendant’s car was a 1936 model Chevrolet. At the time it was accepted by petitioner for repair, it was some twelve years old. The primary fact upon which defendant bases his defense is that the amount of the repair bill exceeded the value of the car at the time of the repairs. We do not believe that this contention has merit. The evidence shows' that defendant told the plaintiff to fix the car “from bumper to bumper”. The fact that he told plaintiff that he intended putting a new body on the car, would indicate that he intended the car to be in good running condition. Defendant, according to his own testimony, was not specific as to the repairs he desired, but he did ask that it be repaired “from bumper to bumper”, and he did not limit the amount of repairs to be made by plaintiff. Due to the age of the car, and the condition which the testimony indicates the car was in at the time of the repairs, we assume that defendant might have well been aware that the costs of repairs would exceed the value of the car.
Defendant’s contention that petitioner estimated the repairs would cost about $250 was not substantiated by any other witness. The evidence indicates that defendant went to petitioner’s garage some three or four times during the course of the repair work to determine what progress was being made. During these visits, there was no discussion between petitioner and defendant regarding to the costs involved. It was shown on trial, that petitioner advised defendant, during the course of the repairs, to place a deposit with him so that at the conclusion of the work the defendant would not face such a large bill.
Although we are not favored with a written opinion of the trial court, the judge thereof concluded that there must not have been any agreement as to the cost of repairs prior to the start of said repairs. Had he not so concluded, his judgment would have been otherwise. We do not feel that he has made any error in this respect.
A similar situation was before the court in Wheless Auto Supply Co., Inc. v. Steinau, 13 La.App. 190, 127 So. 451. The defense there was that the bill was more than the defendant had intended to pay, although he had not limited petitioner to any certain amount of repairs. The court there affirmed the judgment of the lower court, in favor of petitioner.
Defendant does not deny that any of the work for which he was billed was performed by petitioner. The evidence shows that petitioner was not restricted as to the amount of repairs to be performed, nor did defendant request any estimate as to the cost of repairs.
As to the reconventional demand of the defendant, we are inclined to believe that the lower court was correct in not recognizing same, because according to the law and the case of Blanchard v. Donaldsonville Motors Co., La.App., 176 So. 669, the plaintiff was entitled to retain possession of the automobile under his garage-man’s lien and privilege until the repair bill was paid.
For the foregoing reasons the judgment of the lower court is affirmed.
Judgment affirmed.